OPINION of the Court, by
Judge O-wsxbt.
King having obtained a judgment against John C. Beeler,-the defendant, as administrator of Charles Beeler, deceased, and having osen unable to collect the same under a writ offieri facias regularly issued thereon, brought this suit in the Jefferson circuit court, suggesting a devastavit, for the purpose of subjecting the defendant to 1,):c payment of the former judgment in his individual right.
The defendant, although regularly served with the writ, failed to plead to the action ", and a writ of inquiry having been awarded and executed, judgment was accordingly entered in favor of the plaintiffs Errors were then filed in arrest.of judgment and the-court being of opinion the proceedings were irregular, arrested the judgment. To reverse this judgment the plaintiff’ has prosecuted this writ of error ; and has assigned for error, that the judgment upon the verdict of the jury should, not have been arrested.
The ground upon which it is supposed the court below arrested the judgment, is because the defendant in the original writ is named (and.so described in- the com-•toencement of the declaration) John C. Beeler, admiréis- ■ tratór of. Charles Beeler, deceased ; and when, too the ‘Cause of action is laid to subject him in his individual right. It was certainly not necessary that Beeler the defendant should have been described as the plaintiff has ‘'thought proper to name him, but if is evident his having been so described can furnish no grounds for arresting the judgment: for as the cause of action Is laid to subject the defendant in his individual right, according to -the doctrine of the common law, and recognized by this court,(a) the naming of the defendant administrator, -T^hen he is not alleged to be sued as such, is but a des *84 cription of the person ; and whether that description ¾ tree or false, it cannot form the grounds of arresting, the judgment.
The judgment of the court below must therefore he reversed with costs; the cause remanded to the court below, and judgment there entered in favor of the plaintiff according to the inquest of the jury.

 See Spurgen vs. Robimit ante 75 — Davis vs. Mead, vOl, 2, 397.